# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS F. SULLIVAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-0752-16-0309-I-1 |
| 　　　v. | |
| DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　Agency. | DATE: July 27, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

David H. Shapiro, Esquire and Richard W. Stevens, Esquire, Washington, D.C., for the appellant.

Christopher Tully, Esquire and Christy Te, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his removal and involuntary retirement claims for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 On May 6, 2016, the agency notified the appellant of its decision to remove him "effective immediately" from his position as Regional Administrator of the agency's Administration of Children and Families. Initial Appeal File (IAF), Tab 11 at 21, 26-27, Tab 18 at 21. Later that day, the appellant initiated his retirement. IAF, Tab 17 at 12. According to email records from May 9-20, 2016, a Retirement Specialist with the Administration of Children and Families discussed with the Administration's Executive Officer how to process the appellant's retirement and ultimately determined that the Executive Officer had to cancel the removal action that she previously had entered in the agency's electronic data system. IAF, Tab 18 at 15-20. It is undisputed that the agency processed the appellant's retirement on May 20, 2016, and pursuant to his request, made it effective May 5, 2016. IAF, Tab 12 at 12, Tab 17 at 12-13. On May 24, 2016, the appellant filed this appeal, challenging the merits of his removal and raising the affirmative defenses of discrimination and retaliation for protected equal employment opportunity (EEO) activity, whistleblower reprisal, and harmful procedural error. IAF, Tab 1 at 4, 6, Tab 10 at 5-14.

¶3 During a status conference, the administrative judge raised the issue of whether, in light of the appellant's retirement, the Board has jurisdiction over his removal. IAF, Tabs 16, 19. He ordered the parties to file argument and evidence on whether 5 U.S.C. § 7701(j) applied, given the agency's purported cancellation of the appellant's removal, and if inapplicable, whether the appellant's retirement was involuntary. IAF, Tabs 16, 19. Both parties submitted multiple responses. IAF, Tabs 17-18, 23-24.

¶4        The appellant argued that [5 U.S.C § 7701](j) is applicable, and thus his retirement status should not be considered in determining Board jurisdiction over his removal.  IAF, Tab 17 at 7-9.  He further alleged that the agency failed to completely cancel his removal, sought to exclude the cancellation Standard Form (SF) 50 submitted by the agency, and questioned the evidentiary value of an agency declaration attesting to the cancellation of his removal.  IAF, Tab 23 at 11-15.  He also claimed that his retirement was involuntary because he "needed his retirement income to live on" while challenging his removal.  *Id.* at 17.

¶5        The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without holding the appellant's requested hearing.  IAF, Tab 1 at 2, Tab 26, Initial Decision (ID) at 1-2, 7.  He found that before the appellant filed the appeal, the agency cancelled the removal and instead effected his retirement, an action over which the Board generally does not have jurisdiction.  ID at 4-6.  In making this finding, he relied upon the May 9-20, 2016 email chain.  ID at 5.  Given the appellant's evidentiary challenges, he did not consider the cancellation SF-50 or the agency official's declaration.  ID at 5-6.  He further found that the appellant's reason for retiring, to ensure that he would continue to receive a paycheck, was insufficient to render his retirement involuntary.  ID at 7.

¶6        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has submitted a response, to which the appellant has replied.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        On review, the appellant challenges the administrative judge's findings that the Board lacks jurisdiction over his removal and that he voluntarily retired.  PFR File, Tab 1 at 19-32, Tab 4 at 8-20.  He reasserts his claims that his removal remains effective because the agency failed to completely rescind the action before he filed his appeal.  PFR File, Tab 1 at 22-26, Tab 4 at 11-13.

Specifically, he reargues that the cancellation was ineffective because the agency provided no reliable, official documentation of the cancellation; the cancellation decision was not made by an authorized official; he was not properly notified of the decision; and he was not returned to status quo ante.[2] PFR File, Tab 1 at 22-26. He also continues to claim that his retirement was involuntary because the removal decision caused him to retire. PFR File, Tab 1 at 29-32, Tab 4 at 18-20. For the reasons discussed below, we find that remand is necessary.[3] The appellant nonfrivolously alleged that the agency failed to cancel his removal and therefore is entitled to a jurisdictional hearing.

¶8    The Board's jurisdiction is determined by the nature of the agency action being appealed at the time that the appeal is filed. *Anderson v. U.S. Postal Service*, 75 M.S.P.R. 494, 498 (1997). Under 5 U.S.C. § 7701(j), when an appellant retires after receiving a final removal decision, the Board may not consider his retirement status in determining the appealability of the removal, even if his retirement is made effective on or before the removal date. *Mays v. Department of Transportation*, 27 F.3d 1577, 1578-79, 1581 (Fed. Cir. 1994). The Board lacks jurisdiction, however, if the agency cancels the removal or

---

[2] The appellant reasserts his request to strike the cancellation SF-50 as a sanction for the agency's purported "failure to timely produce" the document. PFR File, Tab 1 at 28-29. The administrative judge denied sanctions, finding that the agency did not produce the form earlier because the appellant did not mention his retirement in his initial appeal. IAF, Tab 1 at 4, 6; ID at 5. We decline to reverse this finding. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 16 (2015) (observing that the imposition of sanctions is a matter within the administrative judge's sound discretion, and his decision will not be reversed absent a showing that such discretion has been abused), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016).

[3] The appellant also submitted, for the first time on review, affidavits from his EEO case. PFR File, Tab 1 at 9, 34-51. He indicated that he received the affidavits after the initial decision was issued. *Id.* at 9. Under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time on petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). However, we need not resolve the issue of their availability because we do not rely on these documents in deciding to remand this appeal.

modifies it to a nonappealable action prior to the filing of an appeal. *Taber v. Department of the Air Force*, 112 M.S.P.R. 124, ¶ 8 (2009).

¶9      The appellant primarily relies on *Tennyson v. Department of the Air Force*, to support his contention that the agency failed to effectively cancel his removal before he appealed. 3 M.S.P.R. 416, 419 (1980), *overruled on other grounds by Koop v. Federal Emergency Management Agency*, 16 M.S.P.R. 605 (1983); PFR File, Tab 1 at 23-25. In *Tennyson*, the appellant resigned and applied for retirement after the agency notified him of its final decision to remove him. 3 M.S.P.R. at 417. As a result, a personnel specialist stopped the processing of the appellant's removal in its computer system, and the agency instead processed his retirement. *Id.* at 417-18. The Board found that it had jurisdiction over the appeal because there was no evidence that the individual who stopped processing the appellant's removal had the authority to cancel the action, and the appellant had not been notified at the time that he filed his appeal of the cancellation. *Id.* at 419. We find the underlying facts analogous.

¶10     The agency argues that *Tennyson* is inapplicable because there, the agency issued the resignation SF-50 after the appellant filed his appeal, whereas here, the agency issued an SF-50 effecting the appellant's retirement before he filed his appeal. PFR File, Tab 3 at 9. We disagree. As here, the relevant inquiry in *Tennyson* was whether the agency effectively cancelled the removal action before the appellant filed his appeal. Moreover, an SF-50 does not constitute a personnel action itself and does not on its face control an employee's status and rights. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 22 (2014).

¶11     The Board must look to the totality of the circumstances to determine whether the agency's removal action was effective at the time that the appellant filed his appeal. *Id.* Looking to past precedent, some potential factors to consider include, but are not limited to: (1) who authorized the cancellation and the basis for his or her authority to make that decision; (2) whether the agency issued a cancellation SF-50, sent a cancellation letter, or completed some other

similar cancellation procedure; (3) whether the agency notified the appellant of its decision to cancel the removal action; and (4) the timing of the agency's cancellation efforts. *See, e.g.*, *Jenkins v. Merit Systems Protection Board*, 911 F.3d 1370, 1374 (Fed. Cir. 2019) (holding that the agency completely rescinded the action by cancelling the removal and scrubbing the appellant's personnel file of any reference of it); *Fox*, 120 M.S.P.R. 529, ¶ 22 (finding that the agency removed the appellant, notwithstanding her subsequent retroactive retirement, when it issued the removal decision, as evidenced by the accompanying removal SF-50); *Taber*, 112 M.S.P.R. 124, ¶ 9 (finding that, although the effective date of the removal decision had passed, the Board lacked jurisdiction over the appeal because the agency mailed the appellant a letter notifying him of the cancellation of his removal before he filed his appeal); *Tennyson*, 3 M.S.P.R. at 419 (finding that the agency failed to effectively cancel the removal action because there was no indication that an authorized official made the cancellation decision or that the appellant was notified of it).[4]

¶12    Here, the appellant represents that he first learned of the cancellation SF-50 during the pendency of the Board appeal. IAF, Tab 23 at 9; PFR File, Tab 1 at 15. The agency, on the other hand, has provided no evidence on the notice issue. The administrative judge did not identify this aspect of the appellant's jurisdictional burden in his orders or the initial decision, and he made no finding as to whether the appellant received proper notice of the cancellation before filing his appeal. IAF, Tab 16 at 1-2, Tab 19, ID at 4-6.

---

[4] The appellant argues that the administrative judge erred in not following *Johnson v. Department of Agriculture*, 14 M.S.P.R. 181, 184-85 (1982), which requires complete rescission of the action being appealed and restoration to status quo ante for a cancellation to be effective. PFR File, Tab 1 at 22. We find that *Johnson* is inapposite to the instant appeal. The rule set forth in *Johnson* applies to cancellations of actions that occur *after* an appeal has been filed. 14 M.S.P.R. at 184. Rather, *Anderson* is applicable here because it concerns an agency's cancellation of an otherwise appealable action *before* an appeal is filed. 75 M.S.P.R. at 498.

¶13      Similarly, because he found that the email chain established that the agency cancelled the removal action, the administrative judge did not fully consider the cancellation SF-50, the appellant's challenges to that document, or the agency's declaration addressing the appellant's official personnel folder. ID at 5-6. Furthermore, the administrative judge did not address the appellant's argument that the agency failed to provide any evidence indicating that the individuals on the email chain had the authority to cancel his removal. We find that the email chain alone is insufficient to determine whether a final cancellation decision was made. *Id.* Instead, the administrative judge should have assessed the totality of the evidence presented, including the cancellation SF-50, the agency official's declaration, and the appellant's evidentiary challenges to those documents.

¶14      In summary, the appellant alleges that the agency failed to effectively document its decision to cancel his removal, the employees involved lacked the authority to cancel his removal, and the agency did not notify him of its cancellation decision before he filed his appeal. PFR File, Tab 1 at 22-26. As stated previously, the administrative judge dismissed the appellant's appeal for lack of jurisdiction, without holding his requested hearing. IAF, Tab 1 at 2; ID at 1-2. However, if an appellant makes a nonfrivolous allegation of Board jurisdiction over his appeal, he is entitled to a jurisdictional hearing. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id.* at 329. We find that the appellant's allegations constitute a nonfrivolous allegation that, based on the totality of the circumstances, the agency did not cancel his removal before filing his appeal.

¶15      Accordingly, remand for a jurisdictional hearing is necessary to address the factual disputes raised by the parties' arguments and evidence and to determine whether the appellant proved by preponderant evidence that the Board has jurisdiction over his removal. 5 C.F.R. § 1201.56(b)(2)(i)(A). If the

administrative judge finds that the Board lacks jurisdiction over the appellant's removal, he may reinstate his findings on the appellant's involuntary retirement claims.

¶16    The appellant alleges that 5 U.S.C. § 7701(j) mandates a finding that retirements, which would not have occurred but for being faced with a final removal decision, are involuntary as a matter of law.  PFR File, Tab 1 at 29-32.  We disagree.  The provision was intended to protect employees from having to choose between forfeiting their appeal rights and obtaining retirement benefits.  *Mays*, 27 F.3d at 1580.  It does not establish that a retirement in the face of a final removal decision is per se involuntary.  *Cf. Fox*, 120 M.S.P.R. 529, ¶ 23 (finding that if the Board has jurisdiction over a removal under 5 U.S.C. § 7701(j), any involuntary retirement claim is subsumed into the removal appeal).

¶17    Here, the administrative judge correctly notified the appellant of his jurisdictional burden on his involuntary retirement claims.  IAF, Tabs 16, 19; ID at 3-4.  We discern no error with his finding that the appellant's reason for retiring, to ensure that the he would continue to receive a paycheck, did not render his retirement involuntary.  ID at 7; *see Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶¶ 5-6 (2015) (finding that the choice between two unpleasant alternatives does not rebut the presumed voluntariness of the ultimate choice of retirement).

¶18    We nonetheless vacate the administrative judge's findings on this issue because a separate finding on the appellant's involuntary retirement claim is appropriate only if the Board lacks jurisdiction over his removal.  *See Fox*, 120 M.S.P.R. 529, ¶ 23 (finding that it is error to adjudicate an appellant's involuntary retirement claim as a matter distinct from a removal action).  However, on remand, if the administrative judge finds that the appellant did not establish jurisdiction by preponderant evidence over his removal, then the administrative judge may reinstate his findings on the appellant's involuntary retirement claims.

## ORDER

¶19     For the reasons discussed above, we vacate the initial decision and remand this case to the field office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should hold a jurisdictional hearing to determine whether the appellant can meet his burden of proving Board jurisdiction over his removal by preponderant evidence. To determine whether the agency effectively cancelled the removal action, the administrative judge should consider the totality of the circumstances, including, but not limited to, who made the decision, whether the appellant was notified of the cancellation decision, and whether the SF-50 and agency records accurately reflect that decision. If the administrative judge finds that the appellant has met his jurisdictional burden, then he should adjudicate the merits of the appeal and the appellant's affirmative defenses.

FOR THE BOARD:                           /s/ for

                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.