# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALAN TARRAB,
          Appellant,

          v.

DEPARTMENT OF THE INTERIOR,
          Agency.

DOCKET NUMBER
DC-1221-16-0411-W-1

DATE: May 9, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alan Tarrab</u>, Herndon, Virginia, pro se.

<u>Pegah Yazdy Gorman</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant failed to exhaust his administrative remedies with the Office of Special Counsel (OSC) for one claim and failed to present nonfrivolous allegations under 5 U.S.C. § 2302(b)(9)(D) for the others, we AFFIRM the initial decision.

¶2      At all times relevant to this IRA appeal, the appellant held a GS-11 position of Petroleum Engineer. Initial Appeal File (IAF), Tab 1 at 1, Tab 8 at 118. In or around January 2014, he applied for a promotion to a GS-11/GS-14 General Engineer position. IAF, Tab 8 at 118-26. Although the appellant was rated among the best qualified candidates and his name was referred to the selecting official, he was not selected for the promotion. IAF, Tab 1 at 6. Following his nonselection, the appellant filed a complaint with OSC. *Id.* at 7-16. He alleged that his nonselection was the result of unlawful retaliation. *Id.* Specifically, the appellant asserted that the agency had not selected him for the promotion because he had refused to work uncompensated overtime, which he described as contrary to 5 U.S.C. § 5542 and 31 U.S.C. § 1342. *Id.* at 7. In January 2016, OSC issued a closeout letter, terminating its inquiry and informing the appellant of his Board appeal rights. *Id.* at 17-18. The instant IRA appeal followed.

¶3      The administrative judge issued an order, directing the appellant to meet his jurisdictional burden of proof. IAF, Tab 5. After the appellant and the agency

both responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an untimely response, and the appellant has filed a reply.[2] PFR File, Tabs 4-5.

The Board lacks jurisdiction over matters that were not exhausted before OSC.

¶4    The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). As to the exhaustion requirement, the Board may only consider the matters raised before OSC. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 14, 18 (2004).

¶5    In his complaint to OSC, the appellant asserted that his nonselection for a promotion stemmed from his refusal to obey an unlawful order. IAF, Tab 1 at 7. When asked to describe the order he refused to obey, the appellant alleged that he was "requested to work uncompensated overtime (i.e. through my lunch break) contrary to 5 U.S.C. § 5542 and 31 U.S.C. § 1342." *Id.* He asserted that the unlawful order occurred on March 15, 2014, and he had an email documenting it.

---

[2] The agency's response, filed on September 13, 2016, was due a day earlier. PFR File, Tab 2 at 1, Tab 4. The agency attributed its untimeliness to an otherwise unexplained "administrative error." PFR File, Tab 3 at 4. We will not consider the response because the agency has failed to establish good cause for its delay. *See Jones v. U.S. Postal Service*, 110 M.S.P.R. 674, ¶ 5 n.2 (2009) (recognizing that the Board will waive the filing deadline for an untimely response to a petition for review only for good cause; to establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case).

*Id.* at 7-8.  Separately, the appellant alleged that an interviewer for the General Engineer promotion he sought indicated that GS-14s were expected to work more than 40 hours a week without additional compensation and asked if the appellant was willing to do that.  *Id.* at 8.  The appellant reportedly responded by indicating that he "wasn't sure."  *Id.*

¶6        Although the aforementioned complaint to OSC was limited to two specific matters, the March 15, 2014 instruction about working through lunch and an interview question about working more than 40 hours a week if promoted,[3] the appeal before us appears to present an additional allegation.  In response to the administrative judge's jurisdictional order, the appellant referred to the March 15, 2014 instruction and his interview but also alleged that he had refused to work uncompensated overtime "over a period of time in 2015 when [he] was the only remaining non-supervisory staff member" in his section.  IAF, Tab 6 at 4.  Because the appellant failed to present anything showing that he raised this additional allegation before OSC, specific to 2015 and a time when his section was reportedly shorthanded, we modify the initial decision to find that he failed to meet the exhaustion requirement and the Board cannot address the matter further.  *See Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶¶ 6-10 (2014) (finding that the Board lacked jurisdiction over an appellant's new allegations of protected activity separate from the activity that was the core of the retaliation claim described in his submissions to OSC), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015); *Coufal*, 98 M.S.P.R. 31, ¶¶ 14, 18 (same).

The appellant failed to present nonfrivolous allegations that he engaged in protected activity.

¶7        On review, the appellant correctly notes that the administrative judge improperly addressed his claim under section 2302(b)(8), the whistleblowing

[3] The OSC closeout letter included in the record simply describes the appellant's allegation as reprisal "for refusing to work uncompensated overtime hours in 2014."  IAF, Tab 1 at 17.

provision, rather than section 2302(b)(9)(D), the right-to-disobey provision.[4] PFR File, Tab 1 at 4-5; ID at 6-8. We modify the decision accordingly but find that the appellant has nevertheless failed to meet his jurisdictional burden.[5]

¶8      As stated above, the appellant's jurisdictional burden includes presenting nonfrivolous allegations that he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *Supra* ¶ 4. The provision that the appellant relies on, section 2302(b)(9)(D), protects against retaliation "for refusing to obey an order that would require [an] individual to violate a law."[6]    5 U.S.C.

[4] The administrative judge's decision does conclude that the appellant failed to identify any activity that would qualify as protected under section 2302(b)(9), generally. ID at 8. However, the decision does not substantively address the appellant's allegation that his activity was protected under section 2302(b)(9)(D). ID at 6-8.

[5] We recognize that the administrative judge issued his decision without responding to the appellant's pending motion to compel discovery. IAF, Tab 9. However, in that motion, the appellant sought information that was not relevant to his jurisdictional burden of presenting nonfrivolous allegations that he engaged in protected activity. *Id.* For example, the appellant requested all emails sent by his supervisors outside of business hours, all documents concerning the vacancy announcement at issue, and all prior complaints against his supervisors. *Id.* at 5-8. Accordingly, we find that the administrative judge's failure to rule on the motion to compel was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (noting that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Errors the appellant has identified in the initial decision, including the misspelling of his name and the misstating of his current address and employment status, are similarly harmless. PFR File, Tab 1 at 4.

[6] During the pendency of this appeal, the Follow the Rules Act (FTRA), Pub. L. No. 115-40, 131 Stat. 861, was signed into law on June 14, 2017. Prior to the enactment of the FTRA, 5 U.S.C. § 2302(b)(9)(D) made it a prohibited personnel practice to take or fail to take, or threaten to take or fail to take, a personnel action against an employee or applicant for "refusing to obey an order that would require the individual to violate a law." 5 U.S.C. § 2302(b)(9)(D); *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 11. In 2016, the U.S. Court of Appeals for the Federal Circuit held that the protection in section 2302(b)(9)(D) extended only to orders that would require the individual to take an action barred by statute. *Rainey v. Merit Systems Protection Board*, 824 F.3d 1359, 1361-62, 1364-65 (Fed. Cir. 2016). The FTRA expanded 5 U.S.C. § 2302(b)(9)(D) to provide that it is a prohibited personnel practice to take or fail to take, or threaten to take or fail to take, an action against an employee or applicant because of "refusing to obey an order that would require the individual to violate a law,

§ 2302(b)(9)(D); *Rainey v. Department of State*, 122 M.S.P.R. 592, ¶ 7 (2015), *aff'd*, 824 F.3d 1359 (Fed. Cir. 2016). Accordingly, the appellant needed to present nonfrivolous allegations that he refused to obey an unlawful order. After reviewing the appellant's submissions, we find that he failed to do so.

¶9 Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Here, the appellant has suggested that the agency instructed him to work through his lunch break on March 15, 2014, and doing so would have violated 5 U.S.C. § 5542 and 31 U.S.C. § 1342. IAF, Tab 1 at 7, Tab 6 at 4. To support this assertion, the appellant submitted an email chain in which he and his supervisor discussed a training session the appellant was scheduled to attend. IAF, Tab 6 at 5-7. The appellant first indicated that he would not be able to attend the training due to a time-sensitive assignment. *Id.* at 6. The appellant's supervisor responded, indicating that he should attend the training and cut corners elsewhere. *Id.* at 5. He elaborated by listing what the appellant's priorities should be. *Id.* The appellant replied, indicating that he would check voicemail and triage emails during what little time was left from the training session. *Id.* In the next and final message in the email chain, the appellant's supervisor stated, "[i]n order to attend the training, just do quick reviews on the DOE proposals during lunch/breaks." *Id.*

¶10 We first note that the appellant identified his position as a GS-11 Petroleum Engineer, but he failed to provide further information concerning the position to

rule, or regulation." 131 Stat. at 861; *Fisher*, 2023 MSPB 11, ¶ 12. The FTRA does not apply to events that occurred before its enactment. *Fisher*, 2023 MSPB 11, ¶¶ 13-19. Because the relevant events at issue in this appeal occurred prior to the June 14, 2017 enactment of the FTRA, we apply the pre-FTRA version of section 2302(b)(9)(D).

determine what overtime laws may apply. IAF, Tab 1 at 1; *see generally* 5 U.S.C. § 5543(a)(2) (providing an agency with the discretion to grant compensatory time for irregular or occasional overtime of employees whose pay exceeds the maximum rate of a GS-10, instead of paying for the work under 5 U.S.C. § 5542); *Yetman v. Department of the Army*, 36 M.S.P.R. 425, 427 n.1 (1988) (recognizing that the Fair Labor Standards Act prohibits unpaid overtime for some employees, but others are exempt). Next, we note that the aforementioned email does not indicate that the appellant would be uncompensated if his attendance at the training and maintenance of other duties resulted in working beyond his normal tour. IAF, Tab 6 at 5-7. In other words, although his supervisor instructed the appellant to accomplish certain tasks, even if it meant working through lunch, he did not order him to do so without compensation. *Id.* Lastly, although the appellant generally has alleged that he refused his supervisor's order and the supervisor knew of his refusal, he did not provide a sworn statement or anything else to support that assertion. *See* 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation and recognizing that "[a]n allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) [i]s more than conclusory; (2) [i]s plausible on its face; and (3) [i]s material to the legal issues in the appeal").

¶11      The appellant's allegations concerning his interview are similarly unavailing. The appellant indicated that an interviewer asked if he would be willing to work more than 40 hours a week without additional compensation. IAF, Tab 1 at 8, Tab 6 at 4. Even if performing work over 40 hours without additional compensation would have been unlawful, the appellant has merely identified a hypothetical question in an interview, not an order. Moreover, the appellant alleges that he responded to the question by saying that he "wasn't sure," which does not amount to a refusal to obey an order, lawful or otherwise. IAF, Tab 1 at 8.

¶12     Under the circumstances, we find that the appellant's allegations do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction.  *See El*, 123 M.S.P.R. 76, ¶ 6; 5 C.F.R. § 1201.4(s).  He failed to nonfrivolously allege that the agency retaliated against him for activity protected under section 2302(b)(9)(D), the right-to-disobey provision.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.