NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AUBREY J. EL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1557

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-15-0730-W-1.

---

Decided: October 6, 2016

---

AUBREY J. EL, Richmond, VA, pro se.

JEFFREY GAUGER, Office of the General Counsel, Merits Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Aubrey J. El appeals a December 21, 2015 decision of the Merit Systems Protection Board (Board), Docket No. DC-1221-15-0730-W-1, dismissing his May 14, 2015 individual right of action (IRA) appeal for lack of subject matter jurisdiction. In his appeal, Mr. El alleged that the National Oceanic and Atmospheric Administration (NOAA) terminated his employment and refused to reinstate him in reprisal for his whistleblowing activity regarding NOAA's delays in reimbursing his travel claims. Because the Board properly determined that it lacked jurisdiction over Mr. El's appeal, we affirm.

BACKGROUND

Mr. El filed this IRA appeal with the Board on May 14, 2015, arguing that the Department of Commerce (Commerce) retaliated against him by terminating him from his position with NOAA, an agency of Commerce, for his alleged protected whistleblowing activity. Mr. El had been hired as a General Vessel Assistant on September 9, 2013 with continued employment subject to the completion of a one-year trial period. Prior to completing his trial period, however, Mr. El was terminated with an effective date of December 13, 2013 for misusing his government travel card.

After his termination, Mr. El wrote a complaint letter to Commerce's Office of Civil Rights on January 27, 2014. In this letter, Mr. El focused primarily on denying NOAA's allegation of his travel card misuse. He also accused NOAA of "unlawful and discriminatory adverse actions," complaining that NOAA had taken more than one month to reimburse him for each travel expense that he had submitted. S.A. 38-39. He complained of "[e]xtreme delays in electronic processing of travel claims despite [his] timely submission," and a "[r]epeated failure to incorporate all of [his] timely submitted expenses into various travel claims." S.A. 39. He blamed these delays on a "[f]ailure to adequately supervise, train or provide

resources related to travel claim submission in order to avoid delays in processing." S.A. 39. He also wrote that he would have sent in his own receipts earlier had government employees not been furloughed. He requested immediate reinstatement, full back pay, and benefits.

Following several interim communications, Mr. El wrote another letter to the Office of Special Counsel (OSC) on January 7, 2015, alleging that NOAA's termination of his employment and refusal to reinstate him were in reprisal for his complaints about delays in his travel reimbursement. In this letter, Mr. El wrote that his previous complaints were "protected disclosures" under the Whistleblower Protection Act (WPA) and the Whistleblower Protection Enhancement Act (WPEA).[1] He explained that his "complaints of intentional delays in reimbursement of [his] travel claims were protected because NOAA travel regulations require that timely filed travel claims be reimbursed within thirty days," and "[m]ost if not all of [his] travel claims took over thirty days to be reimbursed without any justification." S.A. 43. After making a preliminary determination to close its inquiry on March 16, 2015, the OSC closed its final investigation on March 31, 2015, and notified Mr. El of his right to file an IRA appeal to the Board.

Mr. El filed his IRA appeal with the Board on May 14, 2015, and the Administrative Judge (AJ) issued an initial decision on August 5, 2015. The AJ found that because Mr. El was terminated during his one-year trial period, his termination was not an otherwise appealable action,

---

[1] Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112–199, 126 Stat. 1465–76 (codified as amended in scattered sections of 5 U.S.C., 6 U.S.C. § 133, 31 U.S.C. § 1116, 50 U.S.C. § 401a); Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified at various sections of 5 U.S.C.)).

and it could only be reviewed by the Board as an IRA appeal. The AJ also found that the WPA allows an employee to seek corrective action through an IRA appeal with the Board, and NOAA's action of terminating Mr. El during a one-year trial period satisfied the WPA's definition of a "personnel action."

Nevertheless, the AJ dismissed Mr. El's IRA appeal for lack of jurisdiction because Mr. El failed to establish that he made any nonfrivolous allegations of protected disclosures before his termination. The AJ found that his disclosures prior to his termination lacked the sufficient detail and specificity necessary to raise a nonfrivolous allegation of a protected disclosure. The AJ explained that Mr. El's allegations were at most a "complaint" that did not cover more than Mr. El's own personal difficulties. Mr. El's communications did not identify any violation of law, rule, or regulation; gross mismanagement or waste of funds; abuse of authority; or substantial and specific danger to public health or safety. The AJ acknowledged that Mr. El had identified certain communications that could be considered to be protected disclosures, but the AJ concluded that those communications could not have contributed to Mr. El's termination from NOAA because those communications postdated his termination.

Mr. El petitioned for Board review of the AJ's initial decision, and the Board affirmed, as modified, on December 21, 2015. The Board agreed with the AJ that Mr. El's January 27, 2014 letter referred only to extreme delays in the processing of his travel claims, which were only a vague allegation of wrongdoing and "d[id] not constitute a nonfrivolous allegation of a violation of law, rule, or regulation." S.A. 6. Although the Board did find that Mr. El made a nonfrivolous allegation that his January 7, 2015 letter could have been a "protected disclosure," it also found that this letter could not have been a contributing factor in NOAA's personnel actions against him. The Board explained that both NOAA's termination and

NOAA's failure to reinstate Mr. El predated his January 7, 2015 letter. Thus, because the complained-of personnel actions predated the January 7, 2015 letter, Mr. El could not establish that the Board had jurisdiction over his IRA appeal.

Mr. El filed a timely appeal to this court, and he presents two main arguments in his appeal. First, he asserts that his communications prior to his January 7, 2015 letter were sufficient to establish a nonfrivolous allegation of protected disclosures and that these disclosures were a contributing factor in NOAA's decision to terminate and fail to reinstate him. Second, he contends that his January 7, 2015 letter to OSC was not itself a "protected disclosure," but that the letter was a "complaint" that nonfrivolously alleged his reasonable belief that his previous complaints of delays in his travel reimbursements were "protected disclosures" relating to a violation of NOAA's travel regulations.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

"Our review of a decision of the board is circumscribed by statute." *Hicks v. Merit Sys. Prot. Bd.*, 819 F.3d 1318, 1319 (Fed. Cir. 2016). "We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Wrocklage v. Dep't of Homeland Sec.*, 769 F.3d 1363, 1366 (Fed. Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

"Whether the board ha[s] jurisdiction to adjudicate a case is a question of law, which we review de novo." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). "[T]he Board has jurisdiction over an IRA appeal if

the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Under the WPA, a "protected disclosure" includes "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety . . . " 5 U.S.C. § 2302(b)(8); *Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1380 (Fed. Cir. 2008). "A petitioner bears the burden of establishing that the Board has jurisdiction by a preponderance of evidence." *McCarthy v. Merit Sys. Prot. Bd.*, 809 F.3d 1365, 1373 (Fed. Cir. 2016).

"The determination of whether an employee has a reasonable belief that a law, rule, or regulation was violated turns on the facts of the particular case." *Herman v. Dep't of Justice*, 193 F.3d 1375, 1382 (Fed. Cir. 1999). However, "the WPA was enacted to protect employees who report genuine violations of law, not to encourage employees to report minor or inadvertent miscues occurring in the conscientious carrying out of a federal official or employee's assigned duties." *Id.* at 1381. Thus, "disclosures of trivial violations do not constitute protected disclosures." *Langer v. Dep't of Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001). In *Drake v. Agency for International Development*, we further explained that "the relevant disclosures [in *Herman v. Department of Justice* and in *Langer v. Department of Treasury*] were not protected because they disclosed, at most, minor and inadvertent miscues occurring in the conscientious carrying

out of one's assigned duties, not violations of laws, rules, or regulations." 543 F.3d 1377, 1381 (Fed. Cir. 2008).

Here, Mr. El alleges that, during his three months of employment, he had made several inquiries regarding his pending travel reimbursement requests, and despite his complaints of these delays, they continued to occur. He emphasizes his post-termination January 27, 2014 letter, in which he complained that it had taken more than one month for NOAA to reimburse him for every travel claim that he had submitted. He complained of "[e]xtreme delays in electronic processing of travel claims despite [his] timely submission" and the "[r]epeated failure to incorporate all of [his] timely submitted expenses into various travel claims." S.A. 39. He blamed the delays on a "[f]ailure to adequately supervise, train or provide resources related to travel claim submission in order to avoid delays in processing."

The January 27, 2014 letter, however, does not show that Mr. El reasonably believed that the delays in his travel claim reimbursements evidenced "(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). Substantial evidence supports the Board's factual finding that this letter did not identify any specific wrongdoing or violation of law, rule, or regulation because it only described a vague allegation of wrongdoing and "d[id] not constitute a nonfrivolous allegation of a violation of law, rule, or regulation." S.A. 6. The letter simply complained that every travel claim Mr. El had ever submitted had taken more than one month to be processed and reimbursed. It did not identify any violation of law, rule, or regulation. It also did not allege any "gross mismanagement or a gross waste of funds because El never had any such evidence." Pet'r Br. 48–49.

Mr. El further relies on his January 7, 2015 letter, which the Board did find to rise to the level of a protected disclosure because it alleged a violation of NOAA travel regulations. This letter explained that Mr. El's "complaints of intentional delays in reimbursement of [his] travel claims were protected because NOAA travel regulations require that timely filed travel claims be reimbursed within thirty days," and "[m]ost if not all of [his] travel claims took over thirty days to be reimbursed without any justification." S.A. 43. The Board also found, however, that the January 7, 2015 letter could not have contributed to NOAA's termination of Mr. El or failure to reinstate him because those personnel actions predated the letter.

In *Horton v. Dep't of Navy*, 66 F.3d 279, 283 (Fed. Cir. 1995), *superseded by statute on other grounds*, Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112–199, § 101(b)(2)(C), 126 Stat. 1465, 1465–66, we affirmed the Board's dismissal of an IRA appeal by an employee, in which the employee had sent a letter containing a protected disclosure one day after the employee had already received disciplinary action and had been notified that disciplinary action had been initiated against him. The disciplinary action was initiated within a one-year probationary period following the employee's appointment as an Assistant Librarian. *Id.* at 281. The Board dismissed the employee's IRA appeal challenging the termination, and we affirmed. *Id.* at 283–84. We held that although the employee's letter "must be viewed as a protected disclosure," it could not be "a contributing factor to the action already initiated" because "the action to remove [the employee] was initiated on May 16, the day before the May 17 letter was written." *Id.* Accordingly, we affirmed the Board's denial of the IRA appeal. *Id.*

Here, even assuming that Mr. El's January 7, 2015 letter was a protected disclosure, this letter could not have contributed to NOAA's termination of Mr. El or NOAA's failure to reinstate him because these personnel

actions long predated the letter. *See id.* Thus, any protected disclosure in the January 7, 2015 letter was not a contributing factor to the personnel actions already initiated against Mr. El at the time of the letter. *See id.*

As for Mr. El's theory that his January 7, 2015 letter to OSC was a "complaint," rather than a "protected disclosure," this position also lacks merit because Mr. El's summary of his previous communications in his January 7, 2015 letter does not transform those communications into protected disclosures. As we explained above, substantial evidence supports the Board's factual finding that Mr. El's disclosures of his delayed travel reimbursements prior to his January 7, 2015 letter were not protected disclosures because they only described a vague allegation of wrongdoing and "d[id] not constitute a nonfrivolous allegation of a violation of law, rule, or regulation." S.A. 6.

## CONCLUSION

The Board properly dismissed Mr. El's IRA appeal for lack of jurisdiction because Mr. El's disclosures described only a vague allegation of wrongdoing and were not protected. Although Mr. El may have made a protected disclosure in his January 7, 2015 letter, that disclosure could not have contributed to the personnel actions against him because it postdated the personnel actions.

## **AFFIRMED**

### COSTS

No Costs.