# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIE VIGIL, JR.,<br>    Appellant, | DOCKET NUMBER<br>NY-1221-15-0134-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: June 29, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Isabel Cottrell</u>, Esquire, and <u>Heather White</u>, Esquire, Washington, D.C., for
the appellant.

<u>Michael Huber</u>, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed an IRA appeal alleging that the agency denied his request for optional pay retention in reprisal for an alleged protected disclosure he made in an April 22, 2013 letter he sent to Senator Gillibrand. Initial Appeal File (IAF), Tab 1 at 12-13. The administrative judge issued a jurisdictional order informing the appellant of his burden of, among other things, raising nonfrivolous allegations that he made a disclosure that he reasonably believed evidenced any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. IAF, Tab 3. In response, the appellant submitted various documents, including his complaint filed with the Office of Special Counsel (OSC), but did not include a copy of his letter to Senator Gillibrand or offer any argument concerning how it amounted to a protected disclosure. IAF, Tab 4. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 8.

¶3 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF,

Tab 11, Initial Decision (ID).  The administrative judge found that, although the appellant exhausted his administrative remedy with OSC and raised a nonfrivolous allegation that he was subjected to a personnel action, he failed to nonfrivolously allege that he made a protected disclosure.  ID at 7-15.  In particular, she found that his April 22, 2013 letter to Senator Gillibrand amounted to a request for congressional assistance in expediting the processing of his optional pay retention request, not a claim that anyone had engaged in gross mismanagement, an abuse of authority, or any other of the categories of wrongdoing set forth in 5 U.S.C. § 2302(b)(8).  ID at 14.

¶4      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 4.  The agency has opposed the appellant's petition.[2]  PFR File, Tab 11.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the appellant failed to nonfrivolously allege that he made a protected disclosure.</u>

¶5      To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following:  (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a

---

[2] The agency also has filed a cross petition for review in which it requests that the Board take official or judicial notice of certain facts related to the agency's organizational structure during the relevant time period.  PFR File, Tab 10.  In its cross petition for review, the agency submits for the first time on review evidence attempting to refute the appellant's allegation that he was advised that he could retain his same salary upon his return to Fort Hamilton in New York from a position in Brussels, Belgium.  *Id.*  The appellant has moved to strike the agency's alleged new evidence, asserting that the agency failed to offer an explanation as to why it could not have submitted it below.  PFR File, Tab 13.  We deny the agency's cross petition for review because it fails to identify any error in the initial decision and instead addresses matters not relevant to the jurisdictional issue before us.  *See* 5 C.F.R. §§ 1201.114(b), 1201.115.  As such, the appellant's motion to strike is denied as moot.

personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  At the jurisdictional stage, an appellant is not required to prove that his disclosure is protected under 5 U.S.C. § 2302(b)(8).  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013).  Rather, the standard for establishing jurisdiction is a nonfrivolous allegation of facts that, if proven, would show that the appellant made a protected disclosure, i.e., that the matter disclosed was one which a reasonable person in his position would believe evidenced one of the situations specified in 5 U.S.C. § 2302(b)(8).  *Id.*

¶6      The administrative judge found that the appellant failed to nonfrivolously allege that his April 22, 2013 letter constituted a protected disclosure.  Because the appellant did not submit any argument below, the administrative judge relied on a copy of the April 22, 2013 letter submitted by the agency and the appellant's statements in his OSC complaint to find that he failed to nonfrivolously allege that he disclosed any of the enumerated types of wrongdoing listed under 5 U.S.C. § 2302(b)(8). ID at 13-14.  Rather, she found that the letter amounted to a request for assistance in expediting the processing of the appellant's optional pay retention request.  ID at 14.  She also noted that under "complaint category" on his OSC form, the appellant did not identify any specific category of wrongdoing, but rather listed "other prohibited activity."  ID at 13.  We discern no error in the administrative judge's finding that the appellant's letter amounted to a request for assistance in expediting the processing of his optional pay retention request and not a protected disclosure.  The appellant's April 22, 2013 letter to Senator Gillibrand reads as follows:

Dear Senator Gillibrand,

I am writing to request your assistance.  In August of 2012, I moved back to Fort Hamilton Army Base in New York City from Brussels, Belgium where I was the Chief of the Plans, Analysis and Integration office as a GS-13 step 7 with a base pay of $86,008.  Under the Installation Management Commands (IMCOM) Reorganization, my position was abolished and as a result I was reassigned to Ft. Hamilton where my previous position as a Plans Specialist had been abolished, and I was assigned as a Budget Analyst (GS-12 step 10 $78,355).[.]  When I left Europe, I was informed by civilian personnel in Belgium that I would retain my salary as a GS-13 step 7; unfortunately this proved to not be the case.  After inquiring, I was informed by the civilian personnel here in NYC that I needed to submit a Request for Safe Pay which I completed immediately and submitted it on the 2nd of October to my chain of command.  Much to my chagrin I still have not received a response to my petition.  I requested the status of my request from my chain of command on the 22nd of March 2013, and, as I understand it, the request still has not left Ft. Hamilton for adjudication by the Regional Director and IMCOM Commanding General.

I respectfully request your assistance in expediting the processing of my Request for Safe Pay.  As you can imagine the loss of $7,653 per year is significant especially as a single father of two teens where each cent counts.  Although I understand under sequestration the request may be moot, that would not have been the case had my request been processed in a timely manner and not seven months after this initial request.

I would be grateful for any help you could lend to expedite the processing.

Thank you for your consideration.

IAF, Tab 8, Subtab 13g.[3]  We agree with the administrative judge that such

---

[3] Although the letter is dated April 22, 2012, this appears to be a typographical error and the correct date is April 22, 2013.  ID at 5 n.3.

assertions fail to amount to nonfrivolous allegations of a protected disclosure.[4] *See, e.g.*, *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (finding that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).  Moreover, the appellant consistently maintained below that his request for optional pay retention was denied simply because he requested the assistance of Senator Gillibrand, without explaining how his letter amounted to a protected disclosure.  IAF, Tab 1 at 5, 12-13, Tab 4 at 4.

¶7        On review, the appellant summarily argues for the first time that his letter to Senator Gillibrand amounted to a disclosure of an abuse of authority by the agency in misleading him, reducing his pay and grade, and arbitrarily and capriciously delaying the processing of his pay retention request.[5]  PFR File, Tab 4 at 13.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has not

---

[4] In *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020), the Federal Circuit cautioned that when evaluating Board jurisdiction over a whistleblower reprisal claim, the Board may not deny jurisdiction by crediting the agency's interpretation of the evidence.  However, the Board need not consider the appellant's allegations "in a vacuum," and may consider sources such as matters incorporated by reference or integral to the claim.  *Id.* at 1369 n.5.  Although in this case the agency submitted a copy of the appellant's alleged protected disclosure, rather than the appellant, the appellant does not dispute that the document is authentic and, in fact, he cites to it in his petition for review.  PFR File, Tab 4 at 8, ¶ 13.  Because the document is undisputed and integral to the appellant's claim, and because we rely on the document itself rather than the agency's interpretation of it, we find it appropriate to consider the document notwithstanding its source.

[5] On review, the appellant also argues that he raised nonfrivolous allegations that his disclosure was a contributing factor in the denial of his pay retention request.  PFR File, Tab 4 at 14-16.  However, we need not reach such arguments in light of our finding that the appellant failed to nonfrivolously allege that he made a protected disclosure.

explained why he could not have raised such an argument below, when he was given an opportunity to do so.

¶8        Nonetheless, we find that he has not made a nonfrivolous allegation that he made a protected disclosure because he has offered no facts showing that, in writing to Senator Gillibrand, he reasonably believed that he was disclosing an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons. *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 15 (2014). For example, in his letter, he did not identify any individual whom he believed to be responsible for the processing delay or indicate how or why any of that person's actions amounted to an abuse of authority. *See, e.g.*, *Loyd v. Department of the Treasury*, 69 M.S.P.R. 684, 688-90 (1996) (finding that the appellant's complaint to Congress that the agency had assigned the person named as the subject of the appellant's grievance to investigate and decide it constituted a nonfrivolous allegation of an abuse of authority). Rather, a plain reading of the letter reflects that, as the administrative judge found, the appellant was merely requesting assistance in expediting his request. Thus, we find that a reasonable person in the appellant's position would not have believed that the April 22, 2013 letter disclosed an abuse of authority. Accordingly, we affirm the initial decision, dismissing the appellant's appeal for lack of jurisdiction.[6]

---

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C.  § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.   If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for

                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.