**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES D. REED, | DOCKET NUMBER |
| Appellant, | CH-1221-17-0153-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 24, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kurt Cummiskey</u>, Esquire, St. Louis, Missouri, for the appellant.

<u>Erin E. Milligan</u>, Esquire, St. Louis, Missouri, for the agency.

<u>Mark B. Zorfas</u>, Esquire, North Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify that we have considered whether the appellant nonfrivolously alleged that he made a protected disclosure to agency officials and not to the Office of Special Counsel (OSC), we AFFIRM the initial decision.[2]

## BACKGROUND

¶2      The agency appointed the appellant to a Staff Nurse position pursuant to 38 U.S.C. § 7401(1). *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-16-0151-I-1, Initial Appeal File (0151 IAF), Tab 5 at 20-23.[3] His nursing license was suspended on September 30, 2015. 0151 IAF, Tab 7 at 10. The agency's Employee/Management Relations Handbook requires that employees maintain all qualifications required for employment and provides that

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[3] Pursuant to 38 U.S.C. § 7401(1), the agency converted the appellant's appointment to the excepted appointment of Nurse/Staff Nurse on October 3, 1993. 0151 IAF, Tab 5 at 20. On September 14, 2008, the agency changed his position title to Nurse Staff RN-Outpatient. *Id*. at 23.

employees who fail to do so will be separated. *Id*. at 16. Thus, on October 5, 2015, upon notification that the appellant failed to maintain his license, the agency terminated him pursuant to its authority under 38 U.S.C. § 7403(b)(4). 0151 IAF, Tab 5 at 24-25. The appellant appealed the termination to the Board. 0151 IAF, Tab 1. The administrative judge dismissed his appeal for lack of jurisdiction because the appointment statute did not provide for chapter 75 appeal rights. 38 U.S.C. §§ 7401(1), 7403(b)(4); *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-16-0151-I-1, Initial Decision (Apr. 15, 2016); 0151 IAF, Tab 9.

¶3        On August 1, 2016, the appellant filed an OSC complaint. *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-17-0153-W-1, Initial Appeal File (0153 IAF), Tab 1. According to the November 3, 2016 letter from OSC notifying the appellant that it was closing the inquiry into his allegations, the appellant asserted that he was terminated for his disclosure in June 2015 to the Associate Chief of Nursing that the new PACT system[4] at his facility had not been fully and properly implemented. *Id*. OSC informed the appellant of his right to file an IRA appeal with the Board, and the appellant's appeal was timely filed. *Id*.

¶4        The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. 0153 IAF, Tab 10, Initial Decision (0153 ID). She found that the appellant exhausted his administrative remedy regarding his allegation that he was terminated in retaliation for his disclosure that the PACT system had not been fully and properly implemented. 0153 ID at 4-5. However, she

---

[4] According to the agency's website, "PACT" stands for "Patient Aligned Care Team." PACTs focus on "Partnerships with Veterans," "Access to care using diverse methods," "Coordinated care among team members," and "Team-based care with Veterans as the center of their PACT." Department of Veterans' Affairs, *Patient Aligned Care Team (PACT)–Patient Care Services*, http://www.patientcare.va.gov/primarycare/PACT.asp (last visited Aug. 23, 2023).

considered only the information that the appellant provided to OSC and found that it was insufficient to find a nonfrivolous allegation to OSC of a disclosure of gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.  0153 ID at 6-10.

¶5        The appellant has filed a petition for review and the agency has responded in opposition to the appellant's petition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

We modify the initial decision to clarify that we have considered whether the appellant nonfrivolously alleged that he made a protected disclosure to *agency officials* and not to OSC.

¶6        To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before OSC and make nonfrivolous allegations of the following:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016); 5 C.F.R. § 1201.4(s).  An allegation generally will be considered nonfrivolous when, if an individual makes such an allegation under oath or penalty of perjury, it is more than conclusory, plausible on its face, and material to the legal issues in the appeal.  *Id.*

¶7        The appellant declared under penalty of perjury that, at a meeting in June 2015, he disclosed to the Associate Chief of Nursing, the Nurse Manager selectee, and the departing Nurse Manager that the new PACT system at the facility in which he worked had not been fully and properly implemented, that adequate clerical support was not provided, and that licensed practical nurses (LPNs)

working in the facility did not have basic resources, such as telephone lines, to perform their jobs.  0153 IAF, Tab 1, Tab 4 at 10-12.  A protected disclosure is any disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.[5]  5 U.S.C. § 2302(b)(8); *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016).  The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8).  *Bradley*, 123 M.S.P.R. 547, ¶ 7.  Here, the appellant asserted, in his Board appeal, that he made his disclosure to agency officials.  0153 IAF, Tab 4 at 10-12.  Nevertheless, the administrative judge appears to have assessed the appellant's disclosures on the basis of the information he disclosed to OSC.[6]  0153 ID at 5-10.

¶8      Pursuant to 5 U.S.C. § 2302(b)(8)(B)(ii), an appellant may seek corrective action on the basis of retaliation for disclosures to OSC of gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.[7]  However, the appellant is not asserting retaliation on

[5] The appellant does not reassert that he made protected disclosures of a gross waste of funds or an abuse of authority.  PFR File, Tab 1; 0153 ID at 7-8.  Accordingly, we do not address these claims on review.

[6] The administrative judge specifically found that the appellant exhausted his administrative remedy regarding these claims.  0153 ID at 4-5.  Thus, her assessment of the adequacy of the claims was unrelated to the element of exhaustion.

[7] An appellant may also seek corrective action in an IRA appeal based on a claim that he was retaliated against for "cooperating with or disclosing information to . . . the Special Counsel, in accordance with applicable provisions of law."  5 U.S.C. § 2302(b)(9)(C).  As noted herein, however, the appellant is alleging that he was retaliated against for his disclosures to agency management officials, and not for

the basis of such disclosures and is instead asserting that he made a protected disclosure to agency officials. Accordingly, we modify the initial decision to clarify that we are instead considering, pursuant to 5 U.S.C. § 2302(b)(8), whether the appellant nonfrivolously alleged that he made a protected disclosure to *agency officials*.

The appellant failed to nonfrivolously allege that he made a protected disclosure.

¶9 The appellant asserts that, in considering his allegation of gross mismanagement, the administrative judge improperly ignored his specific statements to the Associate Chief of Nursing. PFR File, Tab 1 at 8. He points to his precise reports of deficiencies in the implementation of the PACT system, including a lack of "adequate clerical support" and that LPNs did not have phone lines to adequately care for their patients. *Id.* at 7-8. He disagrees that he disclosed matters that were debatable because he asserts that failing to maintain the ability to receive calls from physicians, coworkers, or patients is "grossly negligent" and having staff that are unable to communicate with one another or their patients would render them "all-but useless" in caring for patients. *Id*. at 8. He notes, as he did below, that when he made his disclosure in June 2015, everyone in the room fell silent. *Id*. at 9; 0153 IAF, Tab 4 at 11.

¶10 Under the Whistleblower Protection Enhancement of Act 2012, Pub. L. No. 112-199, 126 Stat. 1465 (WPEA), general philosophical or policy disagreements with agency decisions or actions are not protected disclosures unless there is a reasonable belief that the disclosures evidence one of the categories of wrongdoing listed in section 2302(b)(8)(A). *See Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015). Gross mismanagement means a management action or inaction that creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission.

communications with OSC; thus, we need not analyze his claim under section 2302(b)(9)(C).

*Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 12 (2013); *White v. Department of the Air Force*, 63 M.S.P.R. 90, 95 (1994).[8]

¶11    Here, the appellant has offered his disagreement with the implementation of the PACT system and the allocation of resources, such as LPN access to phone lines and clerical support, but he has not disclosed any action or inaction that created a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission.  We find that, a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could not reasonably conclude that the disclosure evidenced gross mismanagement. Accordingly, we find that the appellant has failed to nonfrivolously allege that he made a disclosure that he reasonably believed evidenced gross mismanagement by agency officials.  *See Francis*, 120 M.S.P.R. 138, ¶ 12 (finding that the appellant failed to nonfrivolously allege that she made a protected disclosure of gross mismanagement because her disclosure of training deficiencies of interns merely expressed her disagreement with job-related issues).

¶12    The appellant next cites *Chambers v. Department of the Interior*, 515 F.3d 136 2, 1368-69 (Fed. Cir. 2008), for the proposition that, even if the Board finds that he did not make a nonfrivolous allegation that he disclosed gross mismanagement, the Board still must consider his claim of a threat to public health and safety.  PFR File, Tab 1 at 9-10.  We agree that we must consider this claim; however, as discussed below, we find that, under the standard set forth in *Chambers*, the appellant has failed to nonfrivolously allege that he made a protected disclosure.[9]  In *Chambers*, the Federal Circuit reiterated that, to

---

[8] The Board decided *White* prior to the enactment of the WPEA; however, subsequent changes in the law do not affect the relevant holding in that case.

[9] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues.  However, pursuant to the All Circuit Review Act (Pub. L. No. 115-195), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court

constitute a protected whistleblowing disclosure, a disclosed danger must be substantial and specific. 515 F.3d at 1369; *see Miller v. Department of Homeland Security*, 111 M.S.P.R. 312, ¶ 6 (2009). The court also set forth the following factors for determining whether such a disclosure is protected: (1) whether the disclosed situation "could only result in harm under speculative or improbable conditions"; (2) whether the harm will occur in the "immediate or near future" or is "likely to manifest only in the distant future"; and (3) the potential consequences of the situation that was disclosed. *Chambers*, 515 F.3d at 1369.

¶13     In support of his claim that he disclosed a substantial and specific danger to public health and safety, the appellant argues that there was a "looming threat to public safety" and "it strains logic" to conclude that healthcare professionals who lack basic resources to perform their work do not put patient safety at risk when those resources are unavailable. PFR File, Tab 1 at 9-11. He reasserts that nurses did not have adequate clerical support and LPNs did not have adequate phone lines to assist with patient-care tasks. *Id*. at 9. Additionally, he states that it is not unreasonable to foresee a situation when a patient would be unable to reach clinic staff due to lack of telephone access when the patient would be in need of medical care, medical advice, or even the basic instruction to call 911. *Id*. at 10.

¶14     We find that the appellant has failed to nonfrivolously allege that he made a protected disclosure of a substantial and specific danger to public health and safety. He has described the possibility that the agency's policies, as implemented at the time of his disclosure, could eventually have a negative effect on the care of a patient. *Id.* We do not question that issues with the implementation of policies and procedures for patient care could evidence a

---

of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

substantial and specific danger to public health and safety as such issues can lead to severe consequences. Thus, in *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 12 (2011), we found that the appellant nonfrivolously alleged that she disclosed a substantial and specific danger to public health and safety when, among other things, she disclosed to the Chief Nurse Executive that ongoing improper patient care and procedures jeopardized and adversely affected the health and safety of patients and, in some extreme cases, led to strokes, heart attacks, and death of patients. Here, however, the appellant contends that lack of resources, including clerical support and phone lines, could lead to patient danger at some point in the future. PFR File, Tab 1 at 9-11. We find that his assertion is speculative and that there is no indication of specific consequences in the immediate or near future. *See Chambers*, 515 F.3d at 1369; *Miller*, 111 M.S.P.R. 312, ¶ 6. Accordingly, we find the appellant failed to nonfrivolously allege that he made a protected disclosure. *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 10 (2013) (finding that the appellant failed to nonfrivolously allege that she made a protected disclosure when she stated that fire sprinklers in her building were similar to sprinklers that had been subject to recall because such a disclosure was only speculative).

¶15 Having found that the appellant failed to nonfrivolously allege that he made a protected disclosure, we need not address whether his disclosure was a contributing factor to his termination. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 13 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Accordingly, we find that the appellant has not established jurisdiction over his IRA appeal.[10]

_____

[10] The administrative judge also found that a determination as to whether the agency proved by clear and convincing evidence that it would have terminated the appellant's employment absent his disclosure would be premature. 0153 ID at 11. Because the appellant has not established jurisdiction over his appeal, we agree. *See MaGowan v. Environmental Protection Agency*, 119 M.S.P.R. 9, ¶ 11 (2012) (finding that the

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

administrative judge should not have considered whether the agency established by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's alleged whistleblowing without first finding jurisdiction).

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                        /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.