**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES DARRYL SMITH,

             Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,

             Agency.

DOCKET NUMBER
CH-1221-18-0276-W-1

DATE: May 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jonay McCall</u>, Saint Louis, Missouri, for the appellant.

<u>Christine Beam</u>, Esquire, Saint Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to conclude that the appellant has now demonstrated that he exhausted his administrative remedies with the Office of Special Counsel (OSC) as to several alleged disclosures and personnel actions, and to supplement the finding that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure, we AFFIRM the initial decision.

## BACKGROUND

Effective July 10, 2016, the appellant was promoted from a WG-4 Food Service Worker position to a WG-6 Motor Vehicle Operator position with the agency. Initial Appeal File (IAF), Tab 7 at 11. The agency proposed the appellant's removal on November 1, 2017, during the training period for his new position. *Id.* at 12-14. The parties executed a settlement agreement on December 1, 2017, in which the agency agreed not to process the removal and to instead reassign the appellant to a WG-4 Food Service Worker position, effective December 10, 2017. *Id.* at 17-19.

On March 19, 2018, the appellant filed the instant Board appeal. IAF, Tab 1. Attached to the appeal, the appellant included a document entitled "Timeline of Prohibited Personnel Practices," in which he appeared to complain about a performance appraisal and a proposed removal and referenced a number

of emails he sent to various individuals. *Id.* at 6-7. The appellant also attached a close-out letter from OSC dated January 25, 2018, notifying him that OSC had terminated its inquiry into his allegations and advising him of his right to file an appeal with the Board. *Id.* at 5.

The administrative judge issued an order, informing the appellant of the standard for establishing jurisdiction over an IRA appeal and directing him to file a statement detailing the specific elements of his claim, including the following: a list of each protected disclosure that he was claiming; the dates on which he made the disclosures or engaged in the activities; the individuals to whom he made the disclosures; an explanation of why his belief in the truth of the disclosures was reasonable; the actions the agency took or failed to take, or threatened to take or fail to take, because of the disclosure; why he believed that each disclosure was a contributing factor in a claimed personnel action; and the date of his complaint to OSC, and when, if at all, he was notified by OSC that it was terminating its investigation into this complaint. IAF, Tab 3 at 7-8.

The appellant did not respond to the order. The agency filed a motion requesting that its response deadline be held in abeyance pending resolution of the jurisdictional question, to which the appellant did not object. IAF, Tab 5 at 4-6. After the extended jurisdictional response deadline passed, the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 7. The appellant again failed to respond. The administrative judge subsequently issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). She found that she was unable to discern whether the appellant had exhausted his administrative remedies before OSC, ID at 5-6, but that, based on the provided record, the appellant failed to make a nonfrivolous allegation that he made a protected disclosure, ID at 6-8.

The appellant has filed a petition for review challenging the initial decision and has submitted additional documentary evidence. Petition for Review (PFR)

File, Tab 1. The agency has filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has provided evidence demonstrating that he has exhausted his administrative remedies with OSC.

To establish jurisdiction over an IRA appeal, an appellant must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[2]  5 U.S.C. §§ 1214(a)(3), 1221; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). To prove exhaustion of his administrative remedies before OSC, an appellant must show that OSC has notified him that it terminated its investigation and no more than 60 days have elapsed since such notification was provided to him.[3] 5 U.S.C. § 1214(a)(3)(A); *see* 5 C.F.R. § 1209.5(a).

On review, the appellant challenges the administrative judge's finding that the Board lacks jurisdiction over his appeal. PFR File, Tab 1 at 3-6. To support this claim, the appellant submits a number of documents predating his initial Board appeal, purportedly showing that he exhausted his administrative remedies before OSC and asserts that he "thought the same documents [he] sent to OSC were contained in [his] initial e-appeal." *Id.* at 3-5. The documents that the

---

[2] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of title 5 of the U.S. Code. Our decision to affirm the initial decision would be the same under both pre- and post-NDAA law.

[3] Alternatively, an appellant can also show that 120 days have elapsed since he sought corrective action from OSC, and he has not been notified by OSC that it would seek corrective action on his behalf. 5 U.S.C. § 1214(a)(3)(B).

appellant has submitted include copies of emails he sent to a number of agency officials, including former Department of Veterans Affairs Secretaries McDonald and Shulkin, the Chief of the Health Administration Service, and his former supervisor, *id.* at 7-9, 11, 16-20, a copy of a letter sent by a union official regarding the appellant's November 2017 proposed removal, *id.* at 12, a memorandum memorializing the appellant's change in work duties due to driving safety issues,[4] *id.* at 21, and a number of driving certifications and other documents related to the Motor Vehicle Operator position, *id.* at 22-26. The appellant also resubmits his OSC close-out letter and the "Timeline of Prohibited Personnel Practices" that he submitted below. *Id.* at 10, 14-15.

The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). We have reviewed this newly submitted evidence, and we find that the appellant has not shown that it is new. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (concluding that, under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). All of the evidence predates the initial decision, and the appellant does not assert that any of the documents were first obtained after the initial decision was issued. *See Avansino*, 3 M.S.P.R. at 214. Although the appellant appears to assert that he was unaware that the documents were not included with his initial appeal, as noted above, the administrative judge's order explicitly informing the appellant of what he needed to provide in order to meet his jurisdictional burden was issued after the appellant submitted his initial appeal. ID at 6-7; IAF, Tab 3 at 7-8. Despite the administrative

---

[4] Effective May 24, 2017, the agency reassigned the appellant to duties in the Health Administration Services front office, pending a fact-finding investigation into safety issues involving his duties as a Motor Vehicle Operator. PFR File, Tab 1 at 21.

judge's specific instructions, the appellant failed to respond to the jurisdictional order or to provide any additional filings.

Nevertheless, because the issue of jurisdiction is always before the Board and the Board will consider evidence (even when it is not new and material) when it goes to the question of jurisdiction (e.g., whether the appellant has demonstrated that he exhausted his administrative remedies with OSC), *see, e.g, Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 10 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009), we will now consider it.

The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, but appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion of their OSC remedies with evidence regarding their initial OSC complaint and other communications with OSC concerning their allegations. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010).

In the email to former Secretary McDonald in October 2016, the appellant expressed dissatisfaction with his two most recent performance appraisals and with how agency managers generally evaluate employees. PFR File, Tab 1 at 16-18. In the emails to his former supervisor in December 2016, the appellant expressed discontent with the training style of his "preceptor," who appears to be one of the people who oversaw his training in the Motor Vehicle Operator position. *Id.* at 7-9; IAF, Tab 7 at 12-13. In the email to the Chief of the Health Administration Service in February 2017, the appellant asked whether there had been any changes to "policy, day to day operations," or standard operating procedures. PFR File, Tab 1 at 11. In the email to Secretary Shulkin in April 2017, the appellant defended his driving record and expressed frustration

with his reassignment from the Motor Vehicle Operator position to the Food Service Worker position. *Id.* at 19-20. The appellant also referenced his prior email to Secretary McDonald and expressed his belief that his reassignment was "retaliation" for the prior email. *Id.* at 20.

Based on our review of the additional documentary evidence, we conclude that the appellant's evidence shows that he provided OSC with information regarding these purported disclosures sufficient for it to pursue an investigation. Moreover, the appellant alleged in documentation that he contends he provided to OSC that the agency changed his duties in May 2017, and proposed his removal in November 2017, in retaliation for his disclosures. Thus, we find that he has met the exhaustion requirement as to these alleged disclosures and personnel actions.

The appellant has not shown that any of his purported disclosures were protected.

Even after considering the additional evidence provided by the appellant, however, we agree with the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation that any of his communications were protected disclosures. ID at 7-8. A protected whistleblowing disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016). At the jurisdictional stage, the appellant only is burdened with making a nonfrivolous allegation that he reasonably believed that his disclosure evidenced one of these circumstances. *Bradley*, 123 M.S.P.R. 547, ¶ 7. The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Id*. Vague, conclusory,

unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

Here, the appellant has not made a nonfrivolous allegation that he reasonably believed he disclosed wrongdoing by any agency official that falls within any of the categories in 5 U.S.C. § 2302(b)(8). *See Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 21 (2005) (noting that the Board requires an appellant to provide more than vague and conclusory allegations of wrongdoing by agency officials). As described above, in the October 2016 email to former Secretary McDonald, the appellant expressed dissatisfaction with his two most recent performance appraisals and with how agency managers generally evaluate employees. PFR File, Tab 1 at 16-18. These communications reflect the appellant's own personal complaints about how he was treated by the agency, as well as his disagreements with the agency's performance appraisal process and with his supervisor's assessment of his performance during his training period. Such disagreement falls short of a nonfrivolous allegation of a protected disclosure. *See Bradley*, 123 M.S.P.R. 547, ¶ 11 (finding that an employee's disclosure regarding an alleged difference of opinion concerning a policy was not a nonfrivolous allegation of a protected disclosure). Likewise, the appellant's December 2016 emails simply expressed frustration with one of the people who oversaw his training in the Motor Vehicle Operator position. PFR File, Tab 1 at 7-9. The appellant did not make any allegations in the emails that could be construed as violations of law, rule, or regulation nor did he pinpoint any conduct rising to the level of abuse of authority.[5]

---

[5] In the February 2017 email to the Chief of the Health Administration Service, the appellant asked a question regarding changes to "policy, day to day operations," or standard operating procedures, and did not disclose any information. PFR File, Tab 1 at 11.

In the April 2017 email to Secretary Shulkin, the appellant defended his driving record and expressed frustration that he was being asked to give up his promotion and return to the Food Service Worker position. PFR File, Tab 1 at 19-20. He referenced his October 2016 email to then-Secretary McDonald, which he had also copied to Shulkin, and expressed his belief that the pending reassignment was "retaliation" for the prior email. *Id.*

The appellant appears to be alleging that his April 2017 email disclosed retaliation, which would be a disclosure of a violation of law. To meet his burden, the appellant would have to make a nonfrivolous allegation that he reasonably believed management in the Motor Vehicle Operator position was retaliating against him because of the October 2016 email to McDonald. In that email, the appellant had expressed displeasure with two performance appraisals he had received as a Food Service Worker and made critical observations regarding the appraisal process. The appellant stated in the April 2017 email that the managers in the two services had worked together for "decades," but he does not explain how any of the managers would have known about the prior email to McDonald. PFR File, Tab 1 at 19-20. Under the circumstances, we conclude that the appellant's contention that the threatened reassignment from the Motor Vehicle Operator position was retaliatory was based largely on speculation; as such, he has failed to make a nonfrivolous allegation that he reasonably believed his April 2017 email disclosed retaliation.[6]

Accordingly, we discern no error in the administrative judge's finding that the appellant did not make a nonfrivolous allegation that his disclosures were protected under 5 U.S.C. § 2302(b)(8). ID at 7; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole,

---

[6] The remaining documents that the appellant submitted, which memorialized the proposed removal, change in work duties, and identified his driving certifications, do not address any potential protected disclosures. PFR File, Tab 1 at 12-13, 21-26.

drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.