# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE E. RAMIREZ,
   Appellant,

  v.

DEPARTMENT OF COMMERCE,
   Agency.

DOCKET NUMBER
NY-315H-20-0227-I-1

DATE: July 30, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

George E. Ramirez, Bayonne, New Jersey, pro se.

Kristin Murrock, Suitland, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his termination and individual right of action (IRA) appeal for lack of jurisdiction. On petition for review, the appellant argues that the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge[2] "was wrong for requiring documentation relevant to the [d]iscovery phase while trying to establish [j]urisdiction" and "for interpreting Federal code as meaning that [he] was not an 'employee' within the [a]gency's jurisdiction." Petition for Review (PFR) File, Tab 1 at 3. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify why the appellant failed to meet his jurisdictional burden for an IRA appeal and VACATE the administrative judge's findings regarding contributing factor, we AFFIRM the initial decision.

The appellant held a series of temporary excepted service appointments with the agency from October 2019 until his termination in March 2020. Initial Appeal File (IAF), Tab 8 at 23, 26, 43, 45. He filed a complaint alleging reprisal for whistleblowing activity with the Office of Special Counsel (OSC) and, after OSC closed its file on his allegations, filed an appeal challenging his termination and arguing that he was "retaliated against for exercising" his rights under the Occupational Safety and Health Act (OSHA). IAF, Tab 1 at 3, 5, 11. The administrative judge issued an initial decision dismissing the appeal because the

---

[2] Although the appellant states that the "Agency was wrong," we interpret these arguments as referring to alleged errors in the initial decision. Petition for Review File, Tab 1 at 3.

appellant failed to nonfrivolously allege that he had made a protected disclosure that was a contributing factor to his termination or that he met the definition of an "employee" with chapter 75 appeal rights.  IAF, Tab 10, Initial Decision (ID) at 1, 6.

<u>The appellant failed to nonfrivolously allege that he made a protected disclosure.</u>

The dispositive issue regarding whether the appellant established Board jurisdiction over his IRA appeal is whether the allegations he set forth in his OSC complaint constitute a protected disclosure.  Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC,[3] and makes nonfrivolous allegations that (1) he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  After the issuance of the initial decision, the U.S. Court of Appeals for the Federal Circuit clarified that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Hessami v. Merit Systems Protection Board,* 979 F.3d 1362, 1369 (Fed. Cir. 2020).  The Board "may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor in an adverse personnel action."  *Id.*

A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the

---

[3] Here, the administrative judge found, and we agree, that the appellant met his burden of establishing that he exhausted his administrative remedies before OSC.  ID at 5; IAF, Tab 7 at 5-21.

categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Salerno*, 123 M.S.P.R. 230, ¶ 6. The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id.*; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

Although the jurisdiction order provided detailed instructions to the appellant about the information that he was required to include in his jurisdictional statement, he submitted into the record only a copy of his OSC complaint and close-out letter without any accompanying explanation or argument. IAF, Tab 3 at 7-8, Tab 7 at 5-21. The appellant alleged in his OSC complaint that he had engaged in protected activity on March 11, 2020, when he texted his first-level supervisor that he would be taking the following 2 days off "because there were people in the office who were visibly sick." *Id.* at 14. He alleged that he was "retaliated against for exercising" unspecified OSHA rights because his supervisor had responded that it was "reprehensible" that he had used OSHA as "backing" for his "erroneous claims." *Id.* The appellant argued that he was terminated for "invoking OSHA" and that the fact that his office had been closed since March 18, 2020, due to the COVID-19 pandemic supported his claim. *Id.*

To the extent that the administrative judge relied on the agency's arguments and evidence in finding that the appellant failed to make a nonfrivolous allegation that he had made a protected disclosure that was a contributing factor in his termination, she erred. ID at 5-6; *see Hessami,* 979 F.3d at 1369. In particular, the administrative judge cited the agency's argument that the official who terminated the appellant was not the first-level supervisor to whom he had made the alleged disclosure in finding that the appellant failed to allege how the official was aware of his disclosure. ID at 6. We vacate this finding regarding contributing factor. Nonetheless, the appellant's allegation regarding his purported disclosure related to some unspecified OSHA violation or protection was vague and facially insufficient irrespective of the agency's evidence and argument, and the administrative judge's discussion in this regard was harmless. We agree with the administrative judge that the appellant's conclusory allegation that he was terminated for exercising his OSHA rights fails to identify any purported actions the agency took or failed to take in violation of OSHA. ID at 6. We find that the appellant's nonspecific allegations concerning OSHA do not constitute a nonfrivolous allegation of a protected disclosure of a violation of law, rule, or regulation or any of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *See El*, 123 M.S.P.R. 76, ¶ 6.

To the extent that the appellant argued in his OSC complaint that he was retaliated against for engaging in protected activity by filing a complaint regarding OSHA, he has not identified any complaint he filed before his termination that was "granted by any law, rule or regulation." IAF, Tab 7 at 12, 14; *see* 5 U.S.C. § 2302(b)(9)(A)(i). In his OSC complaint, the appellant stated that he had "[r]eported" the matter to OSHA on April 14, 2020. IAF, Tab 7 at 12. He has not submitted a copy of his report into the record or provided any information regarding its contents. By his own acknowledgment, any complaint that he filed with OSHA would have been almost 1 month after the effective date of his termination. IAF, Tab 7 at 12, Tab 8 at 23. Therefore, we find no error in

the administrative judge's analysis of the appellant's allegations only as a purported protected disclosure made pursuant to 5 U.S.C. § 2302(b)(8).

Although the appellant asserts that the administrative judge improperly required "documentation relevant to the [d]iscovery phase," he does not explain what documentation he believes he would receive through discovery that would be relevant to the jurisdictional determination. PFR File, Tab 1 at 3. Moreover, he provides no additional information on review regarding his purported disclosure, even after the administrative judge explained that he had failed to provide the evidence and argument required by the jurisdictional order and instead submitted only a copy of his OSC complaint. ID at 6; IAF, Tab 3 at 7-8. Because we find that the appellant failed to nonfrivolously allege that he made a protected disclosure or otherwise engaged in protected activity, he cannot meet his burden on jurisdiction, and the administrative judge properly dismissed the appeal for lack of jurisdiction. *See Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016) (holding that the administrative judge correctly dismissed the IRA appeal for lack of jurisdiction when the appellant failed to make nonfrivolous allegations that he made protected disclosures or otherwise engaged in protected activity).

The appellant failed to nonfrivolously allege that he meets the definition of an "employee" with chapter 75 appeal rights.

The appellant's general arguments on review provide no basis for disturbing the administrative judge's finding that he failed to nonfrivolously allege that he met the definition of an "employee" in the excepted service under 5 U.S.C. § 7511(a)(1)(C). PFR File, Tab 1 at 3, ID at 3-5; *see Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010).

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.